UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
Raymond Earl Payton, *pro se*,  :
                                :
                    Petitioner, :      **ORDER OF DISMISSAL**
                                :
       -against-                :      08-CV-2138 (DLI)
                                :
Superintendent,                 :
                                :
                    Respondent. :
-------------------------------------------------------X

**DORA L. IRIZARRY, United States District Judge:**

Raymond Earl Payton, who is currently serving a life term of imprisonment for murder in Tehachapi State Prison in California, filed this *pro se* action submitted on a form for a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Payton mentions a decades-old conviction and a more recent denial of clemency by the governor of California, but he does not appear to challenge his conviction or sentence. Accordingly, the action is not properly brought as a petition pursuant to 28 U.S.C. § 2254, and must be dismissed.

Although the action is presented on a standard form for filing a petition pursuant to 28 U.S.C. § 2254, the allegations of mail fraud and breach of contract read more like a complaint in a civil action. It seems that Mr. Payton had purchased a membership and ordered photographs from Buck Shot Photos, a mail order company located in New York. He alleges that he sent $25 to the company from his prison trust account, yet has not received the requested merchandise. He seeks reimbursement of the $25 and requests that Buck Shot Photos "be arraign[ed] on charges of (mail fraud) false advertisement of photos." (Petition at 15.) He further asks the court to provide a "Certificate of Rehabilitation" and "Board Referral" to the "Governor of State of California for consideration of commutation of sentence due to help ethics in this matter." (*Id*.) Mr. Payton has neither paid the filing fee for filing a civil action nor submitted an application to proceed *in forma*

*pauperis* along with an authorization for disbursement of funds from his prison account, as would be required to file a civil action, pursuant to the Prison Litigation Reform Act ("PLRA").

Title 28 of the United States Code, Section 2254 permits federal courts to entertain habeas corpus petitions from a prisoner "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Such a petition "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). Mr. Payton, however, has not challenged the constitutionality of his conviction or sentence, thus his petition is not properly brought pursuant to 28 U.S.C. § 2254. Moreover, the action was improperly filed because he is incarcerated in California, not within the Eastern District of New York.

To the extent petitioner seeks to bring a civil action against either the company from which he ordered the photographs or the prison officials responsible for directing his mail, he has not properly filed such an action nor invoked the jurisdiction of this court. Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350. Under 28 U.S.C. § 1915, the court may waive the filing fee upon finding a plaintiff indigent. However, the PLRA requires prisoners to pay the full filing fee from their prison accounts as funds become available. Should Mr. Payton wish to file such an action, he must pay the filing fee or submit the application to waive the filing fee and the prisoner authorization form for disbursement of funds from his prison trust account.

Mr. Payton is cautioned that "federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction

is available only when a "federal question" is presented or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. This improper petition suggests possible state law claims for fraud or breach of contract, but presents no federal cause of action. Although mail fraud is a crime, punishable under the United States Criminal Code, it may only be prosecuted by the government, and provides no general private cause of action for damages in civil suits. Thus, these allegations do not raise any issue of federal law that would confer federal subject matter jurisdiction over such claims. Nor could the court exercise subject matter jurisdiction over these claims on the basis of diversity of citizenship. Mr. Payton suggests an amount in controversy of $25, far below the jurisdictional amount of $75,000. Should he wish to file a civil action, he must file a complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure, and he must either raise a question of federal law or assert a claim that would give rise to diversity jurisdiction. Where a court finds no basis for federal subject matter jurisdiction, an action must be dismissed. *Lyndonville Sav. Bank & Trust Co.*, 211 F.3d at 700-01.

For the reasons set forth above, this action is dismissed in its entirety. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
   June 18, 2008

                _____/s/_____
                DORA L. IRIZARRY
                United States District Judge